IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
WHEELING

JOHN W. SCHUMACHER,

    Plaintiff,

v.                                                      CIVIL ACTION NO.: 5:20CV243
                                                            (BAILEY)

TRIAD ADOPTION , INC., DBA CHILD
PLACEMENT CENTER,

    Defendant.

## **REPORT AND RECOMMENDATION**

Currently pending before the Court is Plaintiff, John Schumacher's ("Plaintiff") pro se Motion for Leave to Proceed In Forma Pauperis [ECF No. 2]. Because Plaintiff seeks to proceed *in forma pauperis*, the undersigned must conduct a preliminary review to determine whether Plaintiff's pro se Complaint [ECF No. 1] sets forth any viable claims. *See* 28 U.S.C. § 1915(e)(2)(B). After conducting the aforesaid review, the undersigned is prepared to issue a recommendation.

## I.
## FACTUAL/PROCEDURAL HISTORY

Plaintiff filed his Complaint on November 16, 2020. In it, he names Triad Adoption Inc., d/b/a Child Placement Center of Killeen, Texas as Defendant. Plaintiff lists his address as New Martinsville, West Virginia. He claims that jurisdiction over this matter is proper under 28 U.S.C. § 1332(a); 38 U.S.C. § 521; and Title 10, Chapter 47 of the Uniform Code of Military Justice. He further claims that he has been looking for his sons since 1992, and that his ex-wife, Patricia Lewis,

made false claims of abuse to Defendant and its owner, Suzy Lackmeyer. According to Plaintiff, no investigation was conducted into the allegations by either Killeen Texas Police, Cook County Sheriff's Office, or the Military Police/Criminal Investigation Division.[1] ECF No. 1.

In September 2019, Plaintiff made a request under the Freedom of Information Act for information and/or documents related to his son(s). Plaintiff has not received a response to this request. He is seeking an Order directing Defendant to "produce unredacted and complete records of his son's adoption."[2] Defendant also seeks an Order directing Suzy Lackmeyer and her husband, Michael Lackmeyer, to produce the same records. Alternatively, Plaintiff seeks restitution for "30 years of pain, suffering, mental and emotional harm." Plaintiff asks the Court to deny restitution to Defendant from Plaintiff. ECF No. 1.

## II.
## DISCUSSION

### A. Legal Standard

The Court has the authority to allow a case to proceed without the prepayment of fees (*in forma pauperis*) "by a person who affirms by affidavit that he or she is unable to pay costs . . . ." LR Gen P 3.01. The "federal *in forma pauperis* statute . . . is designed to ensure that indigent litigants have meaningful access to the federal courts." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989).

When a plaintiff seeks to proceed *in forma pauperis*, the Court conducts a preliminary review of the lawsuit before allowing the case to proceed. *See* 28 U.S.C. § 1915(e). The Court must dismiss a case at any time if the Court determines that the complaint is frivolous or malicious;

---

[1] Though Plaintiff's Complaint does not specifically state, a liberal reading of the Complaint would indicate that Plaintiff's sons were adopted and that Defendant assisted with or facilitated the adoption.
[2] It is unclear whether Plaintiff is seeking information for one son or for multiple. Both the singular and plural forms of the word "son" appear in Plaintiff's Complaint.

fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B). A case is often dismissed *sua sponte* (i.e., on the Court's own decision) before the defendant is notified of the case "so as to spare prospective defendants the inconvenience and expense of answering such complaints." *Neitzke*, 490 U.S. at 324. When reviewing pro se complaints, the Court must construe them liberally. *See Beaudett v. City of Hampton, et al.*, 775 F.2d 1274, 1278 (4th Cir. 1985).

In the instant matter, liberal construction of Plaintiff's Complaint reveals that Plaintiff is asserting jurisdiction pursuant to 28 U.S.C. § 1332(a), 38 U.S.C. § 521, and Title 10, Chapter 47 of the Uniform Code of Military Justice. Plaintiff further asserts a claim for relief for an unfulfilled document request made pursuant to 5 U.S.C.A. § 552. Alternatively, Plaintiff seeks an unspecified amount of monetary compensation for pain and suffering, mental and emotional harm.

### B. Analysis

#### 1. Jurisdiction

Based upon Plaintiff's Complaint, it appears that this Court could arguably have subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1332(a). Plaintiff and Defendant appear to be citizens from different states (West Virginia and Texas, respectively), and it is conceivable that monetary damages for "30 years of pain, suffering, mental and emotional harm" could exceed $75,000. ECF No. 1. However, this Court does not have personal jurisdiction over Defendant because there is no evidence, argument, or indication that Defendant has the requisite minimum contacts with the State of West Virginia such that service of process could be appropriately accomplished upon Defendant.

In West Virginia, to determine whether personal jurisdiction exists, courts must determine whether the exercise of personal jurisdiction would comport with the Due Process Clause. *See In*

re *Celotex Corp*, 124 F.3d 619, 627 (4th Cir. 1997) ("the West Virginia long-arm statute is coextensive with the full reach of due process). "A court's exercise of personal jurisdiction over a non-resident defendant is consistent with the Due Process Clause if the defendant has sufficient 'minimum contacts' with the forum such that requiring the defendant to defend its interests in the forum does not offend traditional notions of fair play and substantial justice." *Id.* (quoting *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (internal citations and quotations omitted)). The minimum contacts must be "purposeful." *In re Celotex Corp.*, 124 F.3d at 628 (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474 (1985)).

A court's ability to exercise personal jurisdiction over a defendant may be challenged by a motion under Federal Rule of Civil Procedure 12(b)(2). The burden is on the plaintiff to prove the existence of a ground for jurisdiction by a preponderance of the evidence. *In re Celotex Corp.*, 124 F.3d at 628. Courts may also rule on this issue by relying upon the complaint and affidavits alone, however. When that occurs, "the burden on the plaintiff is simply to make a prima facie showing of a sufficient jurisdictional basis in order to survive the jurisdictional challenge.'" *Id.* (quoting *Combs Bakker*, 886 F.2d 673, 676 (4th Cir. 1989)). "In considering a challenge on such a record, the court must construe all relevant pleading allegations in the light most favorable to the plaintiff, assume credibility, and draw the most favorable inferences for the existence of jurisdiction." *Id.*

In the instant case, after construing the allegations in Plaintiff's Complaint in the light most favorable to Plaintiff, the undersigned would conclude that there is no prima facie showing that a sufficient basis exists to exercise personal jurisdiction over Defendant. Indeed, there is nothing within the Complaint which would support even the inference that Defendant had <u>any</u> contact with the State of West Virginia vis-à-vis the allegations in Plaintiff's Complaint. In so stating, the

undersigned acknowledges Plaintiff's *pro se* status and the fact that *pro se* complaints are typically in-artfully worded. The undersigned further acknowledges the obligation to liberally construe *pro se* complaints. Even taking these principles into account, however, there is no fact upon which the Court could rely to find that minimum contacts exist in between Defendant and the State of West Virginia. Consequently, there is no basis for the Court to conclude that personal jurisdiction exists over this Defendant in this matter.

Defendant also argues that jurisdiction exists pursuant to 38 U.S.C. § 521 and Title 10, Chapter 47 of the Uniform Code of Military Justice. A review of those statutes, however, reveals that the same do not discuss jurisdiction in the Federal District Courts. Rather, they pertain to rehabilitation activities of disabled veterans and to the conduct of proceedings in military tribunals, respectively. Therefore, these statutes do not confer personal jurisdiction upon this Court over Defendant in this matter.

### 2. FOIA Statute

Notwithstanding the above, and assuming that personal jurisdiction over Defendant exists, the undersigned would nevertheless conclude that Plaintiff's Complaint fails to state a claim upon which relief can be granted because 5 U.S.C.A. § 552 does not apply to this matter and because Defendant cannot obtain the relief he seeks.

5 U.S.C.A. § 552 provides an avenue for citizens to request records from federal agencies. "The basic purpose of FOIA is to ensure an informed citizenry, vital to the functioning of a democratic society, needed to check against corruption and to hold the governors accountable to the governed." *Hanson v. U.S. Agency for Intern. Development*, 372 F.3d 286, 290 (2004) (quoting *N.L.R.B. v. Robbins Tire & Rubber Co.*, 437 U.S. 214, 242 (1978)). Here, Plaintiff made a request not of a federal agency, but to what appears to be a corporation. Indeed, there is no indication that

Defendant is anything but a corporation, and a privately held one at that (*see* ECF No. 1 wherein Plaintiff avers that Defendant is owned by Suzy and Michael Lackmeyer).  Inasmuch as Defendant appears to be a corporation rather than a federal agency, the undersigned would conclude that 5 U.S.C. § 552, the statute under which Plaintiff seeks redress, does not apply to the instant matter.  Moreover, Suzy and Michael Lackmeyer are not identified as individual parties to the lawsuit.  As a result, the District Court could not enter an Order against them in their individual capacity.

Finally, Defendant's claim for restitution also fails because, though Defendant claims he has suffered "30 years of pain, suffering, mental and emotional harm," there is nothing within the Complaint which would indicate that the named Defendant is allegedly responsible for the same.  While Defendant accuses his ex-wife, the Killeen, Texas Police Department, and the Cook County Sheriff's Office of allegedly wrongful behavior, Plaintiff has failed to specify any allegedly wrongful actions taken by the named Defendant which Plaintiff believes entitles him to monetary relief.  As a result, Plaintiff has not set forth a claim against Defendant that would entitle him to monetary relief.  Plaintiff's ex-wife, the Killeen, Texas Police Department, and the Cook County Sheriff's Office are not named parties to this lawsuit.  Therefore, Plaintiff is unable to obtain monetary relief against those entities in this matter.

Given the above, Plaintiff's Complaint should be dismissed without prejudice.  *See* 28 U.S.C. § 1915(e)(2)(B)(ii); *see also Nagy v. FMC Butner,* 376 F.3d 252, 258 (4th Cir. 2004) (noting that a dismissal under § 1915(e)(2)(B) is a dismissal without prejudice).

## III.
## RECOMMENDATION

Accordingly, and for all of the foregoing reasons, the undersigned **RECOMMENDS** that Plaintiff's Complaint [ECF No. 1] be **DISMISSED WITHOUT PREJUDICE** and Plaintiff's Motion [ECF No. 2] for Leave to Proceed In Forma Pauperis be **DENIED AS MOOT**.

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, Plaintiff may file written objections identifying the portions of the Report and Recommendation to which objections are made and the basis for such objections with the Clerk of the Court.**

**A copy of such objections should also be submitted to the Honorable JOHN PRESTON BAILEY, Chief United States District Judge. Failure to timely file objections to the Report and Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Report and Recommendation.** *See* **28 U.S.C. § 636(b)(1);** *Wright v. Collins*, **766 F.2d 841, 845-48 (4th Cir. 1985);** *United States v. Schronce*, **727 F.2d 91, 94 (4th Cir. 1984),** *cert. denied*, **467 U.S. 1208 (1984);** *see also Thomas v. Arn*, **474 U.S. 140, 155 (1985).**

The Court **DIRECTS** the Clerk of the Court to mail a copy of this Report and Recommendation to the pro se Plaintiff by certified mail, return receipt requested, to his last known address as reflected on the docket sheet.

Respectfully submitted this 11th day of December 2020.

/s/ *James P. Mazzone*
JAMES P. MAZZONE
UNITED STATES MAGISTRATE JUDGE